UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN S.G.,[1]<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX, et al.<br>Respondents. | No. 1:26-cv-05837-TLN-CKD<br>A# 209-497-884<br>**ORDER** |

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 30, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 18.) Respondents filed objections to the findings and recommendations "for the reasons stated in their Opposition." (ECF No. 19.) Petitioner filed objections to the findings and recommendations

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

arguing that Petitioner is subject to a final administrative removal order ("FARO") and is therefore subject to 8 U.S.C. § 1231 rather than 8 U.S.C. § 1226(c). (ECF No. 20.) Because Petitioner produced the FARO and Respondents' failed to address this claim earlier in the proceedings, the Court requested supplemental briefing as to the status and impact of the FARO. (ECF No. 21.) Respondents filed a supplemental brief noting the FARO is unsigned and was superseded when Respondents instituted formal removal proceedings which are ongoing. (ECF No. 22 (noting Petitioner's master hearing is set for November 10, 2026).) Therefore, Petitioner is not subject to a final order of removal and his detention is governed by 8 U.S.C. § 1226.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 18) are ADOPTED in full.

2. The Second Amended Petition for Writ of Habeas Corpus (ECF No. 14) is GRANTED.

3. Respondents are ENJOINED from continuing to detain Petitioner for more than **fourteen (14) days** from the date of this Order (unless Petitioner seeks additional time to prepare) without a bond hearing before a neutral factfinder at which the government bears the burden to establish by clear and convincing evidence that Petitioner's ongoing detention is justified due to danger to the public or flight risk. The factfinder must consider Petitioner's financial circumstances for bond and alternative conditions of release. At any such hearing, Petitioner shall be allowed to have counsel present. If the government fails to meet its burden, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the factfinder at the hearing. Respondents must provide at least **seven (7) days' notice** of the bond hearing to Petitioner and any immigration counsel.

4. Within **two (2) court days** from the date of the bond hearing, Respondents must file a **notice of compliance** with this Court's Order confirming that the hearing occurred, the date of

the hearing, the outcome of the hearing, and Petitioner's custody status. The parties are advised that any further challenges related to the relief granted to Petitioner should be filed in this case, using the aforementioned case number (Case No. 1:26-cv-05837-TLN-CKD).

5. If Petitioner is released, Respondents are further ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226, absent changed circumstances and compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. At any such hearing, Petitioner shall be allowed to have counsel present.

6. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: October 28, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE